# EXHIBIT B

Re: Motion for Permission to File Petition for Writ of Habeas Corpus

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  03-61361-CIV-MORENO
MAGISTRATE JUDGE P. A. WHITE

ANTHONY R. MARTIN (TRIGONA)    :

       Petitioner,             :

v.                             :     REPORT OF
                                             MAGISTRATE JUDGE
STATE OF FLORIDA,              :

       Respondent.            :
_____

Anthony R. Martin-Trigona is a *pro se* litigant well known to this Court from more cases than can be listed, but of which the following are a sample:

1. Trigona-Martin v. Glendale Federal
   82-6135-Civ-Zloch
   Closed 5/7/87.

2. Martin-Trigona, et al. v. 217 Oceanage
   88-0204-Civ-Davis
   Bankruptcy Appeal
   Stipulated dismissal 2/25/93.

3. Trigona-Martin v. Sullivan
   88-8382-Civ-Scott
   Diversity.
   Closed.

4. Martin v. Navarro
   91-6277-Civ-Roettger
   §2241; Attack on civil contempt.
   Dismissed as moot 3/23/93.

5. Martin v. Horgan, et al.
   91-1573-Civ-Moreno
   §2241; Civil contempt order
   of Bankruptcy Court.

*Exhibit B*

Dismissed 8/2/91.

6. <u>Martin v. Sheriff</u>
   97-8237-Civ-Hurley
   §2254; Contempt sentences presently
   on appeal.
   Dismissed 7/21/97.

7. <u>Martin v. Oftedal, et al.</u>
   97-8264-Civ-Ryskamp
   §2241; Appeal bond w/travel
   restrictions.
   Denied 4/29/97.
   COA denied by 11 Cir., No. 97-5001; 5/26/98.

8. <u>Martin v. Phillips, et al.</u>
   97-8498-Civ-Ryskamp
   §2241; Appeal bond w/travel
   restrictions.
   Denied 8/4/97.
   Appeal No. 97-5447 dismissed 4/1/98.

9. <u>Martin v. Phillips, et al.</u>
   97-8769-Civ-Lenard
   §1983; Political harassment, etc.
   Dismissed 4/29/98.

10. <u>Martin v. Neumann</u>
    98-8511-Civ-Gold
    §2241; Bond on contempt charges.
    Dismissed 9/11/98.

11. <u>Martin v. Palm Beach Sheriff</u>
    01-8462-Civ-Middlebrooks
    §2241; Unlawful confinement.
    Dismissed 6/26/01.

12. <u>Martin v. Palm Beach County Sheriff, et al.</u>
    01-8463-Civ-Ferguson
    §2241; Americans with Disabilities Act.
    Dismissed 6/30/01.

13. <u>Martin v. Haughwout, et al.</u>
    01-8490-Civ-Ferguson
    §2241; Unlawful confinement.
    Dismissed 7/24/01.

14. <u>Martin-Trigona v. State of Florida, et al.</u>

```
01-8674-Civ-Ryskamp
§2241; Seeks release on bail.
Dismissed 1/29/02. Appeal Dism 11025-A.
```

This newest case is based on a Petition for Writ of Habeas Corpus. Martin-Trigona's complaints relate to already served convictions for contempt of court and felony criminal mischief.

Similar claims by this petitioner have been litigated repeatedly in the state courts, this Court and the Court of Appeals.

In this case, he alleges that he was denied counsel, and that his jury pool was rigged. The fee has been paid.

The petitioner has long been a vexatious filer. As long ago as September 13, 1984, the United States District Court for the District of Connecticut entered an Order of Permanent Injunction against plaintiff. This Permanent Injunction is published at <u>In re: Anthony R. Martin-Trigona</u>, 592 F.Supp. 1566 (D. Conn. Sept. 13, 1984). The Permanent Injunction states in relevant part as follows:

> III. New Lawsuits, Actions, Proceedings, or Matters in Federal Fora
>
> > Anthony R. Martin-Trigona is hereby <u>permanently enjoined from filing or attempting to initiate any new lawsuit, action, proceeding, or matter in any federal court</u>, agency, tribunal, committee, or other federal forum of the United States, against any person or entity, other than a person or entity comprehended by the terms of section VII, infra, or serving any such person or entity with any paper purporting to initiate any such

3

lawsuit, action, proceeding, or matter <u>without first obtaining leave of that court</u>, agency, tribunal, committee, or other forum. In seeking such leave, Martin-Trigona or any individual or entity acting for him, or at his behest, shall comply with each of the following requirements: (a) he shall file with the complaint or document purporting to commence a lawsuit, action, proceeding, or matter a motion captioned "Application Pursuant to Court Order Seeking Leave to File;" (b) he shall attach as "Exhibit 1" to that motion a copy of this court's opinion in <u>In re: Martin-Trigona</u>, 573 F.Supp. 1245 (D.Conn. 1983), with all appendices; (c) he shall attach as "Exhibit 2" to that motion a copy of the decision of the Court of Appeals in <u>In re: Martin-Trigona</u>, 737 F.2d 1254 (2d Cir. 1984), with all appendices; (d) he shall attach as "Exhibit 3" to that motion a copy of this order, <u>In re: Martin-Trigona</u>, 592 F.Supp. 1566 (D.Conn. 1984), with all appendices; (e) he shall attach as "Exhibit 4" to that motion either an affidavit or an unsworn declaration pursuant to 28 U.S.C. §1746 certifying whether or not the claim he wishes to present is a claim ever raised by him in any court, agency, tribunal, committee, or other forum; (f) he shall attach as "Exhibit 5" to that motion a list of each and every lawsuit, action, proceeding, matter, or complaint previously filed by him or on his behalf in any court, agency, tribunal, committee, or other forum, against each and every defendant or respondent in the lawsuit, action, proceeding, or matter he wishes to file or attempt to initiate; (g) he shall attach as "Exhibit 6" and successive exhibits (with numbers continuing as necessary) to that motion a copy of each such complaint or other document purporting to commence any such lawsuit, action, proceeding, or matter and a certified record of its disposition; (h) he shall serve on each defendant or respondent, if and when leave to serve the complaint or other analogous document in the new lawsuit, action, proceeding, or matter is granted, a copy of the materials specified in subsections (a),

>     (b), (c), and (d) of this section, <u>supra</u>.
>
>     Failure to comply with the terms of this order will be sufficient grounds for a federal court, agency, tribunal, committee, or other federal forum to deny any motion by Martin-Trigona for leave to file. Further, <u>the failure by Martin-Trigona to advise a federal court</u>, agency, tribunal, committee, or other federal forum <u>in which he has filed a lawsuit, action, proceeding, or matter of the materials specified in subsections (a), (b), (c), and (d) of this section, supra, may be considered by such court or other forum a sufficient basis for sustaining a motion to dismiss such a lawsuit</u>, action, proceeding, or matter, or a request otherwise to dispose of the matter filed or submitted by Martin-Trigona.

<u>Id</u>. This Permanent Injunction was upheld on appeal to the Second Circuit Court of Appeals. <u>See</u>: <u>In re: Martin-Trigona</u> 763 F.2d 140 (2d Cir. 1985). Moreover, the Eleventh Circuit Court of Appeals has recognized and enforced this Permanent Injunction. <u>See</u>: <u>Martin-Trigona v. Shaw</u>, 986 F.2d 1384 (11th Cir. 1993).

Further, an order was entered by the District of Connecticut in 1992 which denied the petitioner's Motion to Vacate/Modify the [Permanent] Injunction in the District of Connecticut. <u>See</u>: <u>In re: Anthony Martin-Trigona</u>, 139 B.R. 69 (D.Conn. 1992). In the 1992 Ruling on [Martin's] Motion to Vacate/Modify the [Permanent] Injunction, the District of Connecticut denied and reaffirmed that the injunction would "stand as entered on September 13, 1984." <u>Id</u>. At 70. The District of Connecticut specifically stated as follows:

>     Anthony R. Martin-Trigona . . . has moved for entry of an order to replace or modify an injunction previously entered in these proceedings. The order, entered after

thorough consideration by this court and the Court of Appeals, 573 F.Supp. 1245 (D.Conn. 1983), aff'd in part, vacated in part and remanded, 737 F.2d 1254 (2d Cir.), on remand, 592 F.Supp. 1566 (D.Conn. 1984), aff'd, 763 F.2d 140 (2d Cir. 1985) (per curiam), cert. denied, 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986), imposed broad and specific restraints on Mr. Martin-Trigona. The enjoinder was supported by a long record of Mr. Martin-Trigona's litigiousness which was characterized as frequently abusive, harassing, vituperative, and meritless. The order sought to protect parties to this litigation, the courts, and others from misuse of the legal system by Mr. Martin-Trigona and the necessity of expenditure of great amounts of time and money for little or no useful purpose. The litany of Mr. Martin-Trigona's conduct in court, the effect on others, and the characterizations of his activity by judges familiar with the facts are set forth in the opinions noted. They need not be repeated here.

The injunction finally entered would be replaced, and thus modified by the order offered by Mr. Martin-Trigona which would merely bar re-litigation of matters decided in this case and bar actions involving parties, participants or counsel, or issues related to this case except with prior leave of this court. He would thus eliminate the broad reach of the earlier injunction and the elaborate procedures designed to ensure its enforcement. He offers the replacement to expedite his contemplated litigation, to eliminate the encumbrances, and in proclaimed concern for all involved in enforcement of the injunction, to eliminate the burden on the courts created thereby. An order to show cause was issued to permit any interested party to comment on the request of Mr. Martin-Trigona.

After due consideration of Mr. Martin-Trigona's submission and his supporting papers and the comments received in response to the order to show cause, the request is denied. <u>The injunction will stand as entered on September 13, 1984</u>.

The legal process is part of the structure of the community, both federal and state. It is intended to ensure the rights of the community's members and to resolve, in accordance with the law, those disputes the parties are not able to resolve between or among themselves. What Mr. Martin-Trigona has done has been to

subvert so substantially the purposes of the legal process as to be deemed properly stripped of the opportunity to continue to do so. He has thus burdened the courts, obstructed others from their entitled enjoyment of their rights and threatened others with loss of their rights. He has offended, hounded, interfered without right, and succeeded in making life miserable without legal justification for many. He has earned the burden imposed on him, not only in the restriction of his access to the courts, but in the requirement that courts where he proposes to file litigation be apprized of his history of litigation. The burden on him is justified in the record and nothing he has offered warrants relieving him of it. The courts will simply have to bear the strain of enforcing the injunction to avoid the greater burden of improper suits being filed. As the Court of Appeals noted in upholding the propriety of the injunction, the supporting facts are "abundantly supported by the record." 737 F.2d at 1266. No showing has been made that his practices have either abated or been abandoned.

<u>The request to vacate or modify the injunction is denied</u>.

<u>Id.</u> At 69-71 (emphasis added).

To date, plaintiff continues to file meritless actions in both state and federal courts: <u>See, e.g.</u> <u>Martin v. State of Florida</u>, Case No. 01-8067-Civ-Dimitrouleas (S.D. Fla. Mar. 30, 2001)(dismissing petition for writ of habeas corpus); <u>Martin v. Oftedal</u>, Case No. 01-8173-Civ-Dimitrouleas[1] (S.D. Fla. Apr. 4,

---

[1] In this Case An Omnibus Order and Sanctions for Abuse of Process were entered by United States District Judge William P. Dimitrouleas on February 19, 2002. In this Order the plaintiff was permanently enjoined from filing any more frivolous, baseless, or repetitive lawsuits in the Southern District of Florida. The Injunction specifically listed all requirements the plaintiff was to follow in filing any further lawsuits, including, but not limited to, an explanation of the merits, a current list of all state and federal lawsuits filed by this plaintiff in the Southern District of Florida, an affidavit signed, under penalty of perjury, that the filing complies with <u>Fed R.Civ.Pro.11</u> and a $330.00 contempt bond. Failure to comply with any of the above requirements is to result in <u>dismissal of the case</u>.

7

2001)(dismissing complaint); <u>Martin v. Wilken</u>, Case No. 4D01-949 (Fla. 4th DCA Apr. 25, 2001)(dismissing petition for writ of habeas corpus); <u>Martin v. Krisher</u>, Case No. 4D01-1080 (Fla. 4th DCA Apr. 18, 2001)(dismissing petition for writ of mandamus and habeas corpus); <u>Martin v. State</u>, Case No. 4D01-1148 (Fla. 4th DCA Apr. 18, 2001)(denying petition for writ of prohibition).

In this case, the petitioner has failed to comply with the requirements set forth in the Permanent Injunction. He has not sought leave to file the pending action as directed by the Permanent Injunction. Moreover, he has not filed the required exhibits as directed by the Permanent Injunction. Since dismissal of a case is an appropriate means of enforcing violations of such injunctions, <u>see</u>: <u>Martin-Trigona v. Shaw</u>, 986 F.2d 1384, 1388 (11th Cir. 1993), it is recommended that this petition be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this day of 7*th* August, 2003.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Anthony R. Martin (Trigona), <u>Pro Se</u>
    FTS 707-2639
    1574 S. Ocean Lane
    Ft. Lauderdale, FL 33316-3319

8