# EXHIBIT A

Re: Motion for Leave to Refile Nunc Pro Tunc or Leave to File New Lawsuit Concerning Denial of Passport and Drivers License

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY R. MARTIN,

        Plaintiff,

vs.

UNITED STATES DEPARTMENT
OF STATE (COLIN POWELL,
SECRETARY OF STATE),
UNITED STATES DEPARTMENT
OF HEALTH & HUMAN SERVICES
(TOMMY THOMPSON,
SECRETARY,
STATE OF NEW YORK,
STATE OF FLORIDA,

        Defendants.
_____/

CASE NUMBER 1:02CV00186
JUDGE: Richard W. Roberts
DECK TYPE: Civil Rights (non-employment)
DATE STAMP: 01/07/2002

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### Preliminary Statement

    This is a constitutional rights action against two departments of the federal government seeking declaratory and injunctive relief because of the unlawful action of the federal government in conjunction with the Kafkaesque and incompetent administration of the states of New York and Florida. This case does not seek money damages or any direct relief against any individual, although attorneys' fees may be sought if the litigation is protracted.

    This is a completely "official" action and the defendants are not sued in their personal capacities.

### COUNT ONE

1. Jurisdiction, venue and jury demand

    a. This court has jurisdiction pursuant to 28 USCA §

EXHIBIT A

1331. The court may also have jurisdiction pursuant to the Administrative Procedure Act, 5 USCA § 702.[1] The court has jurisdiction over all the parties due to their interrelationship.

    b. Venue is proper in this court.

    c. It does not appear at this time that a jury trial is necessary. However, out of an abundance of caution and to avoid any suggestion of waiver, a jury trial is demanded to the extent necessary and appropriate.

    2. Factual allegations

    a. Several years ago, false accusations of child support were made against plaintiff in the State of New York. The accusations were facially frivolous because pursuant to New York law the court there lacked subject matter jurisdiction to hear any support claim.[2]

    b. Plaintiff even appeared in a federal grand jury proceeding in New York and sought to present his defenses to the false accusations.[3] The grand jury court apparently accepted those defenses because there has been no grand jury action.

---

[1] Because this is a lawsuit of first impression, the nature of the remedy/relief is unclear and will not be clear until the court issues a ruling on the merits. However, because defendant Powell has acted pursuant to an administrative statute in a purely administrative capacity, the APA may apply to this action.

[2] **Plaintiff has never been abjudicated the parent of any child**, and the putative children were lawful residents of Florida. New York law clearly holds that absent an adjudication of paternity, courts lack subject matter jurisdiction to hear support claims.

[3] Before the FBI decided to focus on chasing terrorists it was devoting its resources to chasing people like plaintiff. Maybe the agent who pursued plaintiff should have been protecting the victims of the World Trade Center bombing instead. The entire federalization of child support is a classic example of how distorted and distended the federal/state relationship has become because of cheap politicians' attempts to buy votes by harassing distraught parents (of which plaintiff is not one).

c. New York, the originating state which lodged the bogus child support claims, withdrew both its support claims, and also withdrew the very lawsuit on which the claims were based in <u>2000</u>. Florida was the "collecting" state, which had previously suspended plaintiff's driver's license to harass plaintiff into paying.

d. After withdrawing and closing its case New York provided a form for plaintiff to request that New York formally notify Florida authorities that the case was closed. Plaintiff returned the form to New York authorities and it was presumably received by Florida authorities.[4]

e. It is not clear what Florida authorities claim but it is clear what they have done: nothing. Plaintiff has sued Florida authorities and their responses have been typical of the incompetence, corruption and gross maladministration of Florida government. Despite the fact that plaintiff is an innocent man his driving license is still tied up in litigation and Florida is still trying to collect a nonexistent claim. All of this state harassment is based on the federal statute which is being challenged in this lawsuit.

f. When plaintiff applied for a passport he received the attached letter dated September 28, 2001, and was confronted by a claim of defendant Thompson that (i) plaintiff owed money and his name was on a "list," and that the defendant Powell would defer to Thompson, without affording plaintiff any <u>de novo</u>

---

[4] One would have thought that in this age of data bases run amok, the computerized links between New York and Florida would have automatically cleared and closed interstate claims. Regrettably, there is no such efficiency. Accusations are processed electronically; recantations and closures apparently are not.

federal fact finding hearing process--a year after New York had closed its case!

    g. Thus, despite the fact that the original state, New York, has closed its case, federal and state data bases continue to run amok and to cause wasted energy by federal and state agencies and to harass plaintiff who was innocent of any violations for the inception of the bogus support claims.

    h. This lawsuit claims that (i) Congress cannot condition exercise of the federal constitutional rights to travel or to drive on purely private and unrelated state law disputes and that (ii) federal authorities may not create data bases and use these databases to deny federal constitutional rights without affording plaintiff a <u>federal</u> constitutional forum to challenge the data bases and any state claims which they contain.

    3. <u>Legal claim</u>

    a. Congress has sought to interfere with the federal constitutional rights to travel and drive based on (i) an extraneous and purely civil state law dispute, which in plaintiff's case does not even exist; and (ii) based on untested, hearsay data bases which carry incorrect information for which the federal government has no basis or procedure to assess the accuracy.

    b. It is unconstitutional for the federal government to interfere with a federal constitutional right based on hearsay' state information and without affording a plaintiff/claimant a constitutional due process hearing.

    c. Furthermore, even if petitioner was subject to a valid state law claim, the federal government can not interrupt a federal constitutional right where, as here, petitioner would not

be able to comply with the state law claim. In other words, even if petitioner owed money lawfully, owing money in a state law context is no basis to violate a citizens federal constitutional right to travel, since it is entirely possible for someone to owe money which that person cannot pay, and still have a need to travel, e.g. to visit relatives or attend a funeral.

    d. Congress has created a morass which violates the "doctrine of unconstitutional conditions," see e.g. McCloud v. Testa, 97 F.3rd 1536, 1550 (6th Cir. 1996). The doctrine of unconstitutional conditions prevents the federal government from conditioning the exercise of one constitutional right on the waiver or forfeiture of other rights. Here, Congress has sought to suspend the federal constitutional right to travel unless one accedes to a state common law purely private dispute. This Congress cannot do. Congress has the right to place reasonable limitations on federal constitutional rights (e.g. to prevent travel to Cuba or terrorist states) but it does not have the right to seek to use the federal right as a tool of extortion to pry loose compliance with unrelated state law disputes.

    e. The law and litigation in this area is evolving slowly, but there is some significant case law to support plaintiff's claim. In related state and federal cases involving one Dababnah, federal and state judges ruled that secondhand facts and claims could not be used to suspend licenses. The principles appear to support plaintiff's claim herein. In Dababnah v. West Virginia, USDC SDWV No. 5:98-0639 (front page attached) the court held that suspending a license in a child support dispute without a hearing violated the U.S. Constitution and found such a suspension mandated federal injunctive relief.

In a subsequent decision the West Virginia Court of Appeals also found in Dababnah's favor, <u>Dababnah v. West Virginia</u>, No. 27751 (July 12, 2000)(front page attached). Thus, prior case law supports plaintiff's right to both a remedy and immediate injunctive relief.

4. <u>Demand for judgment</u>

   a. Plaintiff asks that the court declare the applicable statute and congressional scheme seeking to interpose the federal government in state court cases facially unconstitutional.

   b. Alternatively, plaintiff asks that the court direct defendant to provide plaintiff with a federal hearing so he can place the burden of justifying its action on the federal government, and not seek to delegate the fact-finding responsibility to state governments and to an enforcement mechanism and system which is incompetent and broken down.

   c. Finally, plaintiff asks the court to declare and order that where a citizen cannot discharge a financial obligation of a purely private and state common law nature, the inability to comply with such a claim shall in no way be a basis to suspend or interfere with the federal constitutional right to travel.

   d. Plaintiff asks that the court order the federal defendants to issue his passport forthwith.

COUNT TWO

1-2. Plaintiff repeats and realleges ¶¶ 1 - 2 of Count One and further pleads:

3. <u>Legal claim</u>

   a. The U.S. Supreme Court has clearly recognized a federal constitutional right to travel.

      b. Congress has unconstitutionally sought to abrogate the right to travel and to make it dependent on second-hand information "certified"-- with no verification by the federal government--by states and having no basis or connection to travel and, as in the case of plaintiff, related solely to a purely private dispute. This attempt by Congress violates the constitutional right to travel (i) because the disruption is created (as noted in Court One) is based on hearsay data bases which are demonstrably not accurate and (ii) because the interference with the federal constitutional right cannot be preconditioned on some extraneous state common law dispute.

    4. <u>Demand for judgment</u>

      Plaintiff seeks the same relief as sought in Count One.

Dated: November 8, 2001

COUNT THREE

    1-2. Plaintiff repeats and realleges ¶ ¶ 1 - 2 of Count One and further pleads:

    3. <u>Legal claim</u>

      a. In an endless Kafkaesque travesty of government power Florida and New York continue to harass plaintiff's driver's license, despite the lack of any legal basis to do so. This is yet another example of state maladministration of a federal statue, and another basis to void the statute in question as violative of the Tenth Amendment. Congress has imposed duties on the states which they are incompetent to perform, and has sought to compel and control state action having no basis in any form of interstate commerce.[5]

---

    [5] The putative children who were the basis for the false support allegations were kidnapped from Florida in 1991 and lawfully remain residents of Florida. Thus, there is not even an

8

4. <u>Demand for judgment</u>

Plaintiff asks that the court order defendants to reinstate plaintiff's driver's license forthwith and to stop harassing him with bogus claims and demands for money.

Respectfully submitted,

*[signature]*

ANTHONY R. MARTIN

Please serve both addresses:

P.O. Box 1851
New York, NY 10150-1851

P.O. Box 1132
Palm Beach, FL 33480-1132

Toll-free tel. (888) 320-2639
Toll-free fax (888) 769-2639

---

"interstate" basis for federal/state action. It is axiomatic that kidnapping cannot change the domicile of a child.



**United States Department of State**
Charleston Passport Center
*1269 Holland St. Building 643*
*Charleston, SC 29405*
*1-900-225-5674*

September 28, 2001

Anthony Martin
PO Box 1851
New York, NY 101501851

Dear Mr. Martin:

Thank you for your recent passport application. We need your help in order to continue the processing of your request. The Department of State has determined that you are ineligible to receive passport services. This determination is based on Section 51.70(a)(8) of Title 22 of the Code of Federal Regulations and the certification of the Secretary of Health and Human Services that you are in arrears of child support in excess of $5,000.00.

❖ Section 51.70(a)(8) reads as follows:

  51.70 – <u>Denial of Passports</u>
  (a) A passport, except for direct return to the United States, shall not be issued in any case in which:
  (8) The applicant has been certified by the Secretary of Health and Human Services as transmitted from a state agency to be in arrears of child support in an amount exceeding $5,000.00.

<u>*Neither this Passport Agency nor the Department of State has information concerning your child support obligation.*</u> A list of state child support enforcement agencies and their phone numbers is attached to this letter for your use. Please contact the appropriate office on this list to make payment arrangements.



<u>This decision is not appealable with the Department of State.</u> If you make appropriate arrangements with your state child support agency within 90 days, please notify this Passport Agency in writing or by calling the National Passport Information Center at the number listed below. After you make payment arrangements with your state agency, please allow 5-10 business days before calling the National Passport Information Center (NPIC), so HHS has enough time to notify Passport Services. <u>Once the Secretary of Health and Human Services has certified to the Secretary of State that you have satisfied the child support arrearage, your name will be removed from the certified list.</u> Please note that several states have a $0 balance policy before allowing passport issuance to an individual, who was previously in arrearage. All questions regarding such a policy must be addressed to the appropriate state child support office. The Department of State cannot override this policy.

Enclosure(s):
    State Child Support Enforcement Agency List

## State Child Support Enforcement Agencies

**ALABAMA**
50 Ripley Street
Montgomery, AL 36130-1801
Phone (334)242-9300

**ALASKA**
550 West 7th Avenue, 2nd Floor
Anchorage, AK 99501-6699
Phone(907)269-6832

**AMERICAN SAMOA**
Pago Pago American Samoa 96799
Phone(684)633-7161

**ARIZONA**
Code 021A
Phoenix, AZ 85067
Phone(603)252-4045

**ARKANSAS**
712 W.3rd Street
ZIP 72203
Little Rock, AR 72203
Phone(501)682-8178

**CALIFORNIA**
744 P Street, Mail Stop 17-29
Sacramento, CA 95814
Phone(916)657-3657

**COLORADO**
1575 Sherman Street, 2nd flr
Denver, CO 80203-1714
Phone(303)866-5996

**CONNECTICUT**
25 Sigourney Street
Gade
Hartford, CT 06106
Phone(860)424-4989

**DELAWARE**
New Castle, DE 19720
Phone(302)369-2135ext.220

**DISTRICT OF COLUMBIA**
800 9th St. S.W. 2nd floor
Washington, DC 20024-2480
Phone(202)645-7500

**FLORIDA**
P.O. Box 8030
Tallahassee, FL 32314-8030
Phone(805)488-9906

**GEORGIA**
P.O. Box 38450
Atlanta, GA 30334-0450
Phone(404)475-3360

**GUAM**
238 Archbishop F.C. Flores Street, Suite 701
Pacific News Bldg.
Agana, GU 96910
Phone (671)475-3360

**HAWAII**
680 Iwi Lei Road, Suite 490
Honolulu, HI 96817
Phone(808)587-3698

**IDAHO**
P.O. Box 83720
Boise, ID 83720-0036
Phone (208)334-5715

**ILLINOIS**
32 W. Randolph Street, Rm 923
Chicago, IL 60601
Phone(217)524-0283

**INDIANA**
402 West Washington Street, Rm W360
Indianapolis, IN 46204
(317)232-7980

**IOWA**
Department of Human Services
Hoover Building – 5th Floor
Des Moines, IA 50319
Phone(515)281-6000

**KANSAS**
P.O. Box 497
Topeka, KS 66601
Phone(913)296-3237

**KENTUCKY**
275 East Main Street
Frankfort, KY 40621
Phone(502)564-6041

**LOUISIANA**
P.O. Box 94065
Baton Rouge, LA 70804-4065
Phone(504)342-4780

**MAINE**

State House Station 11 Whitten Road
Augusta, ME 04333
Phone(207)287-2886

**MARYLAND**
311 West Saratoga Street
Baltimore, MD 21201
Phone(410)767-7160

**MASSACHUSETTS**
141 Portland Street
Cambridge, MA 02139-1937
Phone(617)577-2733

**MICHIGAN**
P.O. Box 30478
Lansing, MI 48909-7978
Phone(517)373-2932

**MINNESOTA**
444 Lafayette Road, 4th floor
St Paul, MN 55155-3846
Phone(612)282-3965

**MISSISSIPPI**
P.O. Box 352
Jackson, MS 39205
Phone(601)359-4879

**MISSOURI**
P.O. Box 1527
Jefferson City, MO 65102-1527
Phone(800)859-7999

**MONTANA**
P.O. Box 202943
Helena, MT 59620
(406)442-7278

**NEBRASKA**
P.O. Box 95026
Lincoln, NE 68509
Phone(402)471-9160

**NEVADA**
2527 North Carson Street
Capitol complex
Carson City, NV 89710
Phone (702)687-4744

**NEW HAMPSHIRE**
6 Hazen Drive
Concord, NH 03301
Phone(603)271-4878

**NEW JERSEY**
CN716
Trenton, NJ 08625-0716
Phone(609)588-2371

**NEW MEXICO**
P.O. Box 25109
Santa Fe, NM 87504
Phone(505)827-7200

**NEW YORK**
P.O. Box 14
Albany, NY 12260-0014
Phone(518)474-0766

**NORTH CAROLINA**
100 East Six Forks Road
Raleigh, NC 27609-7750
Phone(919)571-4120ext.252

**NORTH DAKOTA**
P.O. Box 7190
Bismarck, ND 58507-7190
Phone(701)328-3582

**OHIO**
30 East Broad Street, 31st Flr
Columbus, OH 43266-0423
Phone(614)752-6567

**OKLAHOMA**
P.O. Box 53552
Oklahoma City, OK 73125
Phone(405)522-5871

**OREGON**
P.O. Box 14170
Salem, OR 97309
Phone(503)373-7300

**PENNSYLVANIA**
P.O. Box 8018
Harrisburg, PA 17105
Phone(800) 932-0211

**PUERTO RICO**
P.O. Box 3349
San Juan, PR 00902
Phone(787)767-1500 x.2600

**RHODE ISLAND**
77 Dorrance Street
Providence, RI 02903
Phone(401)277-4973

**SOUTH CAROLINA**
P.O. Box 1469
Columbia, SC 29202-1469
Phone(803)737-5847

**SOUTH DAKOTA**
700 Governor's Drive
Pierre, SD 57501-2291
Phone (605)773-3641

**TENNESSEE**
400 Deadrick Street
Nashville, TN 37248-7400
Phone(615)313-4879

**TEXAS**
P.O. Box 12017
Austin, TX 78711-2017
Phone(512)936-6410

**UTAH**
P.O. Box 45011
Sal Lake City, UT 84145-0011
Phone(801)536-8642

**VERMONT**
103 South Main Street
Waterbury, VT 05671-1901
Phone(802)241-2319

**VIRGIN ISLANDS**
GERS Building
2nd Floor
48B-50C   Krondprindsens
St. Thomas, VI 00802
Phone(809)775-3070

**VIRGINIA**
730 East Broad Street
Richmond, VA 23219
Phone(804)692-2458

**WASHINGTON**
P.O. Box 9162
Olympia, WA 98507-9162
Phone(360)586-3520

**WEST VIRGINIA**
Building 6, Room 817
State Capitol Complex
Charleston, WV 25305
Phone(800)229-1982

**WISCONSIN**
P.O. Box 7935
Madison, WI 53707-7935
Phone(608)266-9909

**WYOMING**
2300 Capital Avenue
Cheyenne, WY 82002-0710
Phone(307)777-6948