# EXHIBIT B

Re: Motion for Leave to Refile Nunc Pro Tunc or Leave to File New Lawsuit Concerning Denial of Passport and Drivers License

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ENTERED

FEB 1 9 1999

SAMUEL L. KAY, CLERK
U.      .* & Bankruptcy Co
Southern District of West Virginia

MOUSA I. DABABNAH,

    Plaintiff,

v.                                    CIVIL ACTION NO. 5:98-0639

WEST VIRGINIA BOARD OF MEDICINE,
et al.,

    Defendants.

This case is pending upon plaintiff's request for a preliminary injunction. The court conducted a hearing upon that request on February 18, 1999, and now makes the following Findings of Fact, Conclusions of Law and ruling as follows:

### FINDINGS OF FACT

1. Plaintiff, Mousa I. Dababnah, was licensed to practice medicine in the state of West Virginia on January 13, 1976, and remained continually licensed until July 1, 1998, when the West Virginia Board of Medicine (Board) refused to renew his license.

2. Defendant Board is a licensing board of medical doctors for the State of West Virginia.

3. Plaintiff has never been the subject of an ethical or quality of care complaint.

EXHIBIT B

Link to PDF file

IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2000 Term

No. 27751

MOUSA IBRAHAM DABABNAH,
Petitioner Below, Appellant

v.

WEST VIRGINIA BOARD OF MEDICINE,
Respondent Below, Appellee

Appeal from the Circuit Court of Kanawha County
Honorable James C. Stucky, Judge

Civil Action No. 98-AA-170

REVERSED

Submitted: June 13, 2000
Filed: July 12, 2000

John C. Yoder, Esquire                  Deborah Lewis Rodecker, Esquire
Harpers Ferry, West Virginia            Charleston, West Virginia
Attorney for Appellant                  Attorney for Appellee

JUSTICE SCOTT delivered the Opinion of the Court.
CHIEF JUSTICE MAYNARD, and JUSTICE DAVIS, deeming themselves disqualified, did not participate in the decision in this case.
JUDGE JOHN R. FRAZIER and JUDGE ALAN D. MOATS sitting by temporary assignment.

SYLLABUS BY THE COURT

1 . """Upon judicial review of a contested case under the West Virginia Administrative Procedure [s] Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 7 2002

~~NANCY MAYER-WHITTINGTON, CLERK~~
~~U.S. DISTRICT COURT~~

ANTHONY R. MARTIN,

                Plaintiff,

    vs.

UNITED STATES DEPARTMENT
OF STATE (COLIN POWELL,
SECRETARY OF STATE),
UNITED STATES DEPARTMENT
OF HEALTH & HUMAN SERVICES
(TOMMY THOMPSON,
SECRETARY,
STATE OF NEW YORK,
STATE OF FLORIDA,

                Defendants.

Civil Action Number:

**02 0186**

TO:  Clerk, U.S. District Court

      On motion of the plaintiff and the court being duly advised in the premises,

      IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

      1. That the court shall docket the complaint in this case and process the case normally for assignment to a district judge.

      IT IS SO ORDERED.

DATED: **1-6-02**

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN  7 2002

~~NANCY MAYER WHITTINGTON, CLERK~~
~~U.S. DISTRICT COURT~~

ANTHONY R. MARTIN,

              Plaintiff,

     vs.

UNITED STATES DEPARTMENT
OF STATE (COLIN POWELL,
SECRETARY OF STATE),
UNITED STATES DEPARTMENT
OF HEALTH & HUMAN SERVICES
(TOMMY THOMPSON,
SECRETARY,

            Defendants.

                              /

CASE NUMBER  1:02CV00186

JUDGE: Richard W. Roberts

DECK TYPE: Civil Rights (non-employment

DATE STAMP: 0?/0?/2002

## MOTION FOR LEAVE TO FILE LAWSUIT

     Pursuant to a letter to Chief Judge Hogan (attached) ,
plaintiff seeks leave to file this lawsuit.

     A proposed order is attached.

                      Respectfully submitted,

                      ANTHONY R. MARTIN

Please serve both addresses:

P.O. Box 1132                    P.O. Box 1851
Palm Beach, FL 33480-1132     New York, NY 10150-1851

                Toll-free tel. (888) 320-2639
                Toll-free fax  (888) 769-2639

# ANTHONY R. MARTIN, J.D.

Professor of Law (Adj.)

P.O. Box 1851
New York, NY 10150-1851

P.O. Box 1132
Palm Beach, FL 33480-1132
Tel. toll-free (888) 320-2639
Fax toll-free (888) 769-2639
andymartin.com

November 8, 2001

Chief Judge Thomas Hogan
U.S. District Court
U.S. Courthouse
333 Constitution Avenue
Washington, DC 20001

Re: <u>Enclosed new lawsuit and injunction</u>

Dear Judge Hogan:

I am writing to see if I can assist the court in clarifying the applicability of an injunction.

As set forth in the attached order, an injunction was entered against me to prevent <u>relitigation</u>. (There was no evidence in the Connecticut record any such relitigation had ever been attempted.) Over the years, the injunction was interpreted.

While the injunction was obviously intended to stigmatize and harass me, I suspect it has harassed the judicial system more, as judges have spent hundreds of hours trying to interpret what the injunction means and how it is to be applied. The two attached orders help clarify the matter:

   1. The order of June 2, 1987 states I am "free" to "litigate claims which are sound in law..." and that a court "may" give the injunction effect should it find that "appropriate."

   2. The order of January 2, 1986 says that repetitive filings in courts (such as the District of Columbia) are not required and, again, the forum court of a new action "is authorized to allow or disallow any filing..."

The injunction has been ignored by state courts in Florida and

Connecticut, and the D.C. Circuit has never applied it. I have won major decisions in the D.C. Circuit and no district judge in your court has ever accused me of filing a meritless claim.[1]

The new case which I seek to file raises serious constitutional issues concerning my right to a passport (and other relief). It obviously has arguable merit.

I am also planning to file an additional action and to appear in an action. To avoid having to impose on every district judge having to "reinvent the wheel," I would suggest you might want to enter an omnibus or continuing order directing the clerk (or allowing me) to file new lawsuits which can then be evaluated under Rule 11, so that every judge does have to repeat the processes which you are asked to do.

I stand ready to cooperate with and respond to any request from the court.

I am tending a full package of forms including cover sheet, summonses, and filing fee of $150.00. I am also tendered a simple motion in the event you do not want to enter your own order applying to all future cases.

Respectfully submitted,

ANTHONY R. MARTIN

ARM:sp

W/encl.

---

[1] At one time in the early 1980's I had reversed in the D.C. Circuit a majority or near-majority of the then-sitting district judges in your court.

1968-2001 CELEBRATING 33 YEARS AS A PUBLIC INTEREST LAWYER

MICROFILM

JUN 3 1987

FILED

HARTFORD

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

In Re                              :

ANTHONY R. MARTIN-TRIGONA,         :    Misc. Civil No. H-83-62 (PCD)
Debtor                             :

                                   :

RULING ON MOTION TO CONSIDER INJUNCTION

    Defendants have moved this court to consider the proposed
amended complaint filed by Anthony R. Martin-Trigona pursuant to
and in light of In re Martin-Trigona, 592 F. Supp. 1566, 1573 (D.
Ccnn. 1984), aff'd, 763 F.2d 140 (2d Cir. 1985), cert. denied,
106 S. Ct. 807 (1986).  Initially, from a procedural standpoint,
the court endorses the approach taken by the state defendants.
Notions of comity and respect for our sister state courts demand
that in situations such as this that the state court first be
apprised of the alleged nonconformity by state plaintiff, Martin-
Trigona, with the federal injunction for its determination as to
whether the state proceedings should be stayed pending the
federal court's consideration of the alleged nonconforming act
in light of the federal injunction.

    The injunction entered by this court is intended to curb
unwarranted, vexatious and harassing litigation by Martin-Trigona
against persons or entities connected with the principal federal
litigation.  Martin-Trigona's record of such litigation was deemed

-2-

to warrant such restrictions because of his abuse of the legal system. To the extent that he attempts, in any forum, to relitigate a decided issue or to bring an action which is devoid of merit, the injunction would preclude his doing so. To the extent he wishes to litigate claims which are sound in law and supported in fact, he is free to do so and in forums of proper jurisdiction. This court would only intercede by denying the right to sue, or by enjoining the filing of a specific claim. Such denial or enjoinder would be directed specifically against Martin-Trigona personally and not against a court, the jurisdiction of which he invoked. Such a court is to be apprised of the injunction by Martin-Trigona and may give effect to it should such court find it appropriate in particular circumstances. The Connecticut Superior Court, having had the injunction called to its attention and having deferred, it is proper here to consider the complaint in its amended form.

Counts II, III and IV do not present claims previously litigated, claims without legal or factual merit, or claims clearly intended to harass defendants, and they are not barred by the injunction and may be filed. The claim in Count V is without legal merit as it alleges no state action, an essential element of an action under 42 U.S.C. § 1983. Leave to file Count V is, therefore, denied.

SO ORDERED.

Dated at Hartford, Connecticut, this 2nd day of June, 1987.

_____
Peter C. Dorsey
United States District Judge

I hereby certify that the foregoing
is a true copy of the original document
on file. Date 4/9/99

KEVIN F. ROWE
Clerk

By (82)

ANTHONY R. MARTIN-TRIGONA

FILED

JAN 2 4 51 PM '86

RECEIVED

POST OFFICE BOX 946
LENOX HILL STATION
NEW YORK, NEW YORK 10021

December 20, 1985

U.S. DISTRICT COURT
HARTFORD, CON

Judge Peter Dorsey
United States District Court
450 Main Street
Hartford, CT 06103

REQUEST FOR EMERGENCY ACTION

Re: Cabranes Injunction

Dear Judge Dorsey:

I am enclosing a motion to clarify the scope of and compliance
with the purported Cabranes injunction.

Because questions of compliance are causing problems in several
courts and agencies, I ask that you reflect on and address this
matter at your earliest convenience, but that you <u>not</u> come down my
chimney at home on Christmas Eve with any ruling on the motion. The

January 2, 1986: The question raised by the debtor appears to be in
relation to Section III of the injunction.  The purpose of Section III is
to require debtor to obtain leave of the court, agency, tribunal, committee
or forum, in which he seeks to file and to provide notice of the restriction
on the debtor's filing by means of the exhibits to be attached to the proposed
filing.  What debtor appears to seek in this motion is an exception from
filing Exhibits 1, 2 and 3.  592 F.Supp. 1572.  If debtor has filed these docu-
ments with a particular court, agency, tribunal, committee or forum, a subse-
quent petition for permission to file will be adequate without Exhibits 1, 2
and 3, if debtor, in the subsequent petition, refers to the prior filing with
adequate particularity to permit identification of the Exhibits 1, 2 and 3
previously filed. This will obviate a repetitive filing.  The court, agency,
tribunal, committee or forum is authorized to allow or disallow any filing by
debtor, but not to waive nor modify the injunction which is an order of this
court.  Questions as to the application and enforcement of the injunction
remain within the jurisdiction of this court.  The scope of the matters within
the injunction, while broad, is clear and in the remote instance of ambiguity
as to its application, the debtor can readily request a determination of its
applicability in a particular matter by this court or can simply comply with
the injunction.  While compliance imposes requirements on Martin-Trigona,
they are the result of his long history of abuse of the courts and legal
process and the injunction has been formulated and sustained on appeal as
a reasonable means to eliminate the abuse. Leave to file granted. No further
service required. SO ORDERED.

Peter C. Dorsey, U.S.D.J.

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 03-5070



MANDATE September Term, 2002

Pursuant to the provisions of Fed. R. App.Pro.41(a)

02cv00186

| ISSUED: | 11 / 19 / | Filed On: |
| BY: | | Deputy Clerk |
| ATTACHED: | Amending Order | |
| | Opinion | |
| | Order on Costs | |

Anthony R. Martin,

Appellant

v.

Department of State, Colin Powell, Secretary of State, et al.,

Appellees

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    JUL   2 2003

CLERK

**BEFORE:** Rogers, Tatel, and Roberts, Circuit Judges

## O R D E R

Upon consideration of appellee State of Florida's motion to dismiss and the opposition thereto; the motion for summary reversal and the opposition thereto; the federal appellees' motion for summary affirmance, the opposition thereto, and the reply; and the State of Florida's notice of joining in the motion for summary affirmance and the opposition to the motion for summary reversal, it is

**ORDERED** that the motion to dismiss be granted. Appellant did not comply with the pre-filing injunction with respect to this appeal, and his arguments that the injunction should not be given effect are meritless. It is

**FURTHER ORDERED**, on the court's own motion, that the motions for summary disposition be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT.

No. 03-5070    September Term, 2003
02cv00186

Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED   OCT 2 8 2003
CLERK

Anthony R. Martin,
          Appellant

    v.

Department of State, Colin Powell, Secretary of State,
et al.,
          Appellees

BEFORE:    Rogers, Tatel, and Roberts, Circuit Judges

## O R D E R

Upon consideration of appellant's petition for rehearing filed August 18, 2003, it is

ORDERED that the petition be denied. It is

FURTHER ORDERED that the Clerk send copies of this order and the order filed July 2, 2003, dismissing this appeal to the Clerk of the District Court for the District of Connecticut.

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY: _____
Michael C. McGrail
Deputy Clerk

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 03-5070**

**September Term, 2003**

02cv00186

Filed On:

Anthony R. Martin,
        Appellant

        v.

Department of State, Colin Powell, Secretary of State,
et al.,
        Appellees

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  OCT 2 8 2003

CLERK

**BEFORE:**     Ginsburg, Chief Judge, and Edwards, Sentelle, Henderson,
        Randolph, Rogers, Tatel, Garland, and Roberts, Circuit
        Judges

## O R D E R

Upon consideration of appellant's petition for rehearing en banc, and the
absence of a request by any member of the court for a vote, it is

**ORDERED** that the petition be denied.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:

Michael C. McGrail
Deputy Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

ANTHONY R. MARTIN,           :

        Appellant,          :

        vs.                :        No. 03-5070

DEPARTMENT OF STATE, et al.,    :

        Appellees.        :

## PETITION FOR REHEARING WITH SUGGESTION FOR REHEARING EN BANC

### Preliminary statement

The Court's dismissal of this appeal, in an Order entered on July 2, 2003, and attached hereto as Addendum A, is subject to rehearing. Because the action of the panel conflicts with prior decisions of this circuit, as well as other circuits, the Court may wish to reconsider the matter en banc.

Most respectfully, counsel submits the following propositions as a basis for rehearing: (1) the panel's ruling is administratively improper because it creates a precondition for appellate review which is unconstitutional and unworkable; (2) the panel's disposition of the matter leaves the matter in some limbo, and counsel is entitled to know what the Court's wishes are as to how counsel should proceed to represent his

-1-

client; (3) the panel's disposition deprives appellant of simple, elementary fairness because he was attacked in a published district court opinion which he has apparently been prevented from appealing, which opinion makes unfounded personal attacks on appellant; (4) the panel's decision is inconsistent with prior decisions of this Court and other United States Courts of Appeals and creates both an intra-circuit and inter-circuit conflict, as well as violating U.S. Supreme Court precedent.

Finally, the panel ignored the fact that the injunction has been amended, refused to address the amended injunction and has made it prohibitively complex and costly for any attorney to represent appellant, thereby denying appellant counsel and turning the very purposes of the injunction on its head by forcing appellant to represent himself even when he is able to secure the services of an attorney.

I.

## THE PANEL'S DECISION IS JURISDICTIONALLY AND CONSTITUTIONALLY IMPROPER AND UNWORKABLE

It is basic hornbook law that a trial tribunal may not limit access to an appellate forum. A federal district judge has no jurisdiction--no legal authority--to limit access to a Court of Appeals. But that is what the panel has essentially held, that a district judge in Connecticut twenty years ago limited access to this tribunal twenty years later, in a case totally unrelated and unconnected to any Connecticut litigation. "Case or controversy" limits on the Connecticut court's jurisdiction would prevent such procedurally inappropriate action by any court. Jurisdictionally, and constitutionally, there is no way that limits on this Court's jurisdiction could be imposed by a district judge on another circuit.

-2-

A district judge can certainly enjoin relitigation in another district court; that is equally hornbook law. But no district judge can impose limitations or conditions on access to a higher tribunal, particularly in a matter totally unrelated to the case or controversy limits on the jurisdiction of a district court, and arising outside the original circuit.

Second, the jurisdiction of this Court is involved in the district court, by the filing of a notice of appeal. Where does this Court contemplate that "leave to appeal" to this Court should be sought, from the district judge that dismissed the matter? Under the terms of the panel's ruling, appellant is caught in a Catch-22 situation.

If he files a notice of appeal and invokes the jurisdiction of this tribunal, as counsel did, he has violated the injunction. If he files a motion in this Court, this Court has no jurisdiction to hear the motion because appellant has not yet been "allowed" to file a notice of appeal in the district court, which has no jurisdiction to condition access to an appellate forum. Catch-22.

The panel's ruling creates a procedurally irrational situation which is at violence with common sense and basic fairness. No litigant should be placed in a situation where he loses whichever way he proceeds, because the procedures artificially created by a judge in another jurisdiction effectively prevent any appellate review under this Court's interpretation of the injunction.

II.

THE PANEL'S ACTION LEAVES THIS CASE IN LIMBO AND CONFUSION;
BOTH APPELLANT AND HIS ATTORNEY ARE ENTITLED TO GUIDANCE

One federal district judge allowed this case to proceed after being informed of the

-3-

injunction by appellant and presumably agreeing, after reviewing the complaint, that it was a meritorious case that should be heard on the merits. Another disagreed without looking at the merits of the case, finding that appellant did not fully comply with the injunction before filing the lawsuit. Two years later an appellate court is arguing over an unrelated twenty year-old injunction. The Court, however, may not simply leave a state of confusion and limbo in the wake of its ruling, because appellant has substantial rights which he is entitled to present in a federal tribunal and with which he must proceed consistent with this Court's directions and instructions.

Simply stated, both appellant and his attorney are entitled to guidance:

1. Does the panel wish for counsel to refile the case in district court? What useful purpose would be served by refiling the same case when the injunction issue has been litigated and, even if the Court disagrees with counsel, serves no prophylactic purpose at this time? Does this panel want counsel to file a motion for leave to refile in the district court? Will the 1986 amended of the Connecticut court be respected? What does this Court want to happen as the lawsuit continues?

2. Does this Court want counsel to file a motion for leave to appeal in this Court? Counsel is prepared to do so. Counsel is not seeking to avoid or evade any order of this Court. As an officer of this Court, counsel owes the tribunal complete respect and procedural regularity. But counsel is at a loss to know where to go next. Since there has been no decision on the merits, it could be argued the case has to be filed in the district Court. But what is the use behind submitting the matter to a third district judge? Further, jurisdictional defects may be amended in this tribunal. If even a jurisdictional lapse may be corrected, why can't a procedural lapse be remedied by counsel filing a motion in this

-4-

Court for leave to proceed?  As noted in Part II above, the Court's interpretation creates a Catch-22 situation, because counsel can't file in this Court to seek permission to appeal, without filing a notice of appeal, and, apparently, he can't file in the district court because filing a notice of appeal there might also violate the injunction.

An attorney representing a client in good faith in a bona fide lawsuit with overwhelming arguable merit has a right to expect the tribunal to clarify the procedural confusion which it has created.

III.

## THE COURT ENGAGED IN PROCEDURAL UNFAIRNESS

The Department of Justice's intention from the inception of this litigation has seemingly been to engage in relentless personal and procedural attacks on appellant, and to seek to "expose" and harass him unfairly and all while depriving appellant of the means and opportunity to defend himself.

Even before counsel entered the case, the Department was making personal attacks on appellant. It was precisely this type of excessive behavior by the Department of Justice that prompted the Seventh Circuit to reverse in U.S. v. Martin-Trigona, 684 F.2d 485, 490 n. 6 (7th Cir. 1982).

The Department of Justice sought a published district court opinion in this matter, in which the district judge unfairly attacked appellant with no reasonable basis to do so. Prior to filing his new lawsuit, appellant sent the Chief Judge of the district court a polite letter, attached court orders clearly referencing the injunction and presented a situation which most non-lawyers would approve as overwhelmingly reasonable.  The chief judge assigned the matter to a motions judge who granted leave to file the new case.

-5-

Later another district judge to whom the case was assigned did nothing for a year, and then began to attack appellant <u>only after appellant was represented by counsel</u>.

The panel now proposes, apparently, to prevent appellant from appealing a ruling which makes unfounded personal attacks on appellant. Once the district court chose to publish an attack upon appellant, the appellant should have had a right to appeal to clear his good name. This Court should not leave a published decision unreviewed which makes unfounded and unwarranted attacks on a litigant, thereby preventing the litigant from any review.

IV.

## <u>THE PANEL DECISION CREATES INTRA AND INTER CIRCUIT CONFLICTS AND IS INCONSISTENT WITH U.S. SUPREME COURT PRECEDENT</u>

A. <u>Intra-circuit conflict</u>

In <u>Martin-Trigona v. U.S. Fidelity</u>, 779 F.2d 72 (D.C. Cir. 1985), this Court first reviewed the current injunction. The Court indicated then that the injunction would be applied in this circuit, but the panel never suggested that the Court saw a Catch-22 situation where merely filing a notice of appeal seeking appellate review could be the basis for a claim that the injunction had been violated, or that a Court of appeals had to grant permission before a notice of appeal was filed. A reasonable person would assume that even if the Court wanted the injunction complied with--and appellant has complied with the injunction as he understands it--appellant review of any arguments over compliance would be plenary and mandatory.

This Court has now stated that appellant has no right to appeal an adverse ruling interpreting the injunction. Nothing in the language of <u>U.S. Fidelity</u> makes such a

-6-

determination, and no reasonable person could assert such a position. With all due respect, the decision of the current panel, in denying any review to a decision on applying/interpreting the injunction appears to create an intra-circuit conflict.

## B. INTER-CIRCUIT CONFLICTS

In an order entered on May 21, 2003 (after the appellant submitted his briefs in the instant matter), the Seventh Circuit interpreted the injunction the opposite of this Court in a nearly identical situation. In the Seventh Circuit, the court, *sua sponte*, in an order dated April 3, 2002, and attached as Addendum B, asked Mr. Martin to show cause why his appeal should not be dismissed due to his non-compliance with the injunction. After Mr. Martin responded, the Seventh Circuit agreed with Mr. Martin's contention that the injunction did not prevent him from filing the case or an appeal, and accordingly discharged the show cause order. A copy of that order, entered On May 21, 2003, in the case of Anthony R. Martin v. Hermenia Kruidenier, et al., No. 02-2974, in the United States Court of Appeals for the Seventh Circuit, is attached as Addendum C.

Further, there is a serious question whether this Court even has subject matter jurisdiction, based upon a ruling of the Eighth Circuit, to punish Mr. Martin (by sanctioning him in the form of dismissing his case–a *de facto* civil contempt sanction), for an injunction issued in another court. See Klett v. Pim, 965 F.2d 587, 591 (8th Cir. 1992).

On information and belief, no court of appeals, other than this Court, has applied and interpreted the injunction to limit access to a court of appeals to review determinations concerning the applicability of and compliance with injunction by a district court. Once again, this Court (see below) imposes a heavy burden on an attorney

-7-

when it seeks to compel counsel to investigate unrelated cases in unrelated Courts in order to file a meritorious case in this circuit.

## C. SUPREME COURT PRECEDENT

In Baker v. General Motors Corp., 522 U.S. 222 , 118 S. Ct. 657 (1998) the Court addressed the effect of enforcement of injunctions. The Supreme Court stated in dicta that an "antisuit injunction 'does not address, and thus has no preclusive effect on, the merits of litigation [in the second forum].'" 522 U.S. at 236, 118 S. Ct. at 665. The Supreme Court went on to state in clear language. "Sanctions for violations of an injunction, in any event, are generally administered by the Court that issued the injunction."

The wisdom of that language is apparent from the proceedings in this case. This Court and the lower court has spent almost two (2) years seeking to interpret and enforce an injunction from another court, in violation of the salutary principle that the "mother court" must enforce an injunction and cannot delegate that function to other tribunals, for the various reasons which appear in this appeal.

No opposing counsel in this appeal has ever complied with the injunction (requiring reporting of violations) and filed any claim that injunction violated the injunction, by filing in Connecticut under the enforcement provisions of the injunction. In Re Martin-Trigona, 592 F. Supp. 1566, 1575 (D. Conn. 1984), Part XV. Thus, the record is silent in Connecticut that appellant has violated the injunction.

Instead, opposing counsel seek to engage in tactical manipulation of this Court, seeking to embroil and ensnare this Court in interpreting and enforcing orders from another Court through delegation of powers. That is precisely what the Supreme Court

-8-

condemned in <u>Baker</u>. To the extent the Connecticut injunction and this Court's decision in <u>U.S. Fidelity</u> are inconsistent with the principles expounded in <u>Baker</u>, <u>Baker</u> should control in this Court.

If appellant's conduct had violated the injunction, in reality would not a reasonable judge assume a complaint would have been filed in Connecticut? Obviously yes. But no complaint was filed, lending credence to appellant's claims that what opposing counsel seek is not to enforce an injunction in good faith but rather to create procedural confusion in this Court, as a means of harassing appellant and denying him due process.

If appellant has violated the injunction in any manner of form by filing what he filed in the district Court in this case, he could be punished--by the Connecticut Court which issued the injunction, not by this Court, which is not familiar with the manner in which that Court has interpreted and applied the injunction! But that is precisely what opposing counsel seek to avoid.

Appellant's right to access this Court should not be prevented on the unsubstantiated and inchoate claim that he has violated a Court order elsewhere, consistent with <u>Baker v. GM</u>, when appellant has sought to comply with the injunction in a reasonable manner. Absent a finding in Connecticut that the filing of this lawsuit violated the injunction, this Court should have held this appeal, or the district Court matter on appeal, in abeyance, for opposing counsel to make their arguments and claims of alleged injunction violations to the mother Court, Connecticut, not this subsidiary tribunal.

Consistent with <u>Baker</u>, this Court should remand the instant case for proceedings on the merits, and, as to any injunction compliance/violation issues, counsel undersigned,

-9-

at the request of his client invites this Court to notify the Connecticut Court for whatever appropriate action that Court wishes to take.

It should be emphasized that the district judge below (Judge Roberts) reported the alleged injunction violation to the Connecticut court, and that court has done nothing for some seven (7) months, and found no injunction violation despite allegations proffered by Judge Roberts, thereby lending credence to appellant's claim that he did not violate the injunction by filing his lawsuit or filing this appeal. In the face of inaction by the mother Court, how can this Court justify punitive action?

This Court lacks the constitutional power to punish for violation of another Court's order, and dismissing an appeal is a very direct and severe, and unjustified form of punishment, Baker v. GM, supra.

V.

## THE PANEL HAS EFFECTIVELY DEPRIVED APPELLANT OF HIS FEDERAL CONSTITUTIONAL RIGHT TO COUNSEL

In his motion for summary reversal, counsel cited a Ninth Circuit case which held that anti-suit injunctions did not be apply to attorneys representing clients in good faith. The panel's disposition of this appeal shows why that is the case.

First, the injunction arises in a case which is over twenty (20) years old, in which the case files are closed and the matters in storage. It is one thing to impose upon a lawyer the duty of due diligence to investigate the arguable merits of a new case--as counsel has done in this litigation--and quite another to say that a lawyer must familiarize himself with an unrelated and irrelevant case in another jurisdiction which has been closed for over a decade and where access to records is very difficult.

-10-

The sub silento intent of the injunction was to discourage appellant from proceeding pro se and, apparently, to encourage him to use an attorney.

In 1986, and again in 1987, the injunction was modified (1986) and later interpreted (1987) in a manner which made it straightforward for a lawyer to file a new lawsuit. The Connecticut Court clearly limited the scope of the injunction in its 1987 interpretation to preventing relitigation of old cases, not litigation of new claims. Even that order is now sixteen (16) years old.

This Court has now sanctioned appellant, in the most severe way possible, by dismissing his appeal without even addressing the merits, when he sought to proceed through an attorney. That is certainly a bizarre result and discourages lawyers from representing appellant, thereby making it more difficult for him to secure the services of an attorney and forcing him to represent himself, thereby turning the intent of the injunction on its head.

While this Court may not have intended that result, that is the practical impact of the Court's ruling. As counsel notes in Part I and II above, the panel decision raises more questions than it answers, and leaves a clearly meritorious lawsuit in a state of unnecessary chaos and confusion—all after a district judge initially approved the filing of this case after being made aware of the injunction and after presumably reviewing it on the merits.

### Conclusion

For all of the foregoing reasons, the Court should either grant oral argument and rehear the matter the issues by a formal panel, rehear the matter en banc, or grant appellant's motion to summarily reverse and remand so the district Court can consider the

-11-

merits of this lawsuit, nearly two years after the case was first submitted to the Court.

Respectfully submitted,

_____

JOHN C. YODER
D.C. Bar No. 389070
P.O. Box 940
Harpers ferry, WV 25425
Telephone: (304) 535-6842
Facsimile: (304) 535-2809
E-mail:        jyoder@intrepid.net
               jcyoder33@aol.com
**_COUNSEL FOR PLAINTIFF-APPELLANT_**
**_ANTHONY R. MARTIN_**

-12-

## CERTIFICATE OF SERVICE

I, John C. Yoder, counsel for the plaintiff-appellant, do hereby certify that I served

the Petition For Rehearing With Suggestion For Rehearing En Banc upon opposing

parties, by causing a true and correct copy of the same to be deposited in the U. S. Mail,

first class postage prepaid, addressed to counsel of record as follows, on this [18th] day of

August, 2003:

Federal Defendants/Appellees
Thomas M. Bondy, Esq.
Sambhav N. Sankar, Esq.
Attorneys, Appellate Staff
Civil Division, Room 9108
Department of Justice
601 D Street, NW
Washington, DC 20530

Florida State Defendant/Appellee
Mark S. Dunn, Esq.
Assistant Attorney General
The Capitol, Suite PL-01
Tallahassee, FL 32399-1050

New York State Defendant/Appellee
Neal Mann, Esq.
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271

_____
JOHN C. YODER
COUNSEL FOR PLAINTIFF-APPELLANT
ANTHONY R. MARTIN