# EXHIBIT 1

Re: Motion for Leave to File Litigation in Florida

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDY MARTIN,

    Plaintiff,

v.

STATE OF FLORIDA,
JEB BUSH GOVERNOR,
GLENDA HOOD, SECRETARY OF STATE,
EDWARD C. KAST, DIRECTOR
    DIVISION OF ELECTIONS

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

1. Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C.A. Sec. 1343 and 42 U.S.C.A. 1983.

2. Factual allegations

a. Andy Martin is a legally qualified candidate for United States Senator.

b. The defendants are sued in their official capacities and are officials of the State of Florida responsible for the conduct of elections.

c. Defendant Kast has indicated he will not allow Martin to qualify for the ballot because Martin is not a registered voter.

d. Case law is very clear that one need not be a registered voter to be a candidate for federal office, see Krislov v. Rednour, 226 F.3rd 851, 856 n. 1 (7th Cir. 2000)("The

Constitution does not require candidates to be registered to vote…"); Schaefer v. Townsend, 215 F.3rd 1031 (9th Cir. 2000).

      e. Florida's requirement requiring federal candidates to register to vote is facially unconstitutional in light of extensive federal case law excerpted above.

3. Legal claim

      Florida's requirement that a candidate for federal office in Florida be a registered voter violates the Qualifications Clause, as set forth in Rednour and Townsend.

4. Demand for judgment

      a. Plaintiff seeks a declaratory judgment that Florida's requirement for voter registration to be a candidate for federal office violates the Qualifications Clause of the U.S. Constitution.

      b. Plaintiff seeks an injunction placing his name on the ballot through qualification (paying the filing fee) as a party candidate of the Republican Party in May, 2004.

      c. Plaintiff seeks such other relief as may be necessary and proper to do complete justice including attorneys' fees.

      Respectfully submitted,


ATTORNEY FOR PLAINTIFF