IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE:                          :   CASE NO. H 83mc62 (PCD)

ANTHONY R. MARTIN-TRIGONA       :   JUDGE:  Peter C. Dorsey

### COMPLAINANT'S SUPPLEMENTAL AUTHORITY

Now comes Complainant Craig T. Conley ("Conley"), *pro se*, in supplementation of his November 21, 2005 Application Pursuant to Order, and hereby respectfully refers the Court to a January 17, 2006 Order issued by the U.S. Court of Appeals for the Sixth Circuit in Case No. 05-4102 (a true copy of which Order is attached hereto as Exhibit "D").

To the extent that leave to make this filing may be required, such leave is hereby respectfully requested.

The attached Order was issued in an Appeal filed by Martin, whose Appeal was dismissed, in large part, because he had violated the nationwide permanent injunction Order issued by this Court.

Indeed, the Sixth Circuit specifically cited to *In re Martin-Trigona* (D. Conn. 1984), 592 F.Supp. 1566; i.e., the Sixth Circuit has expressly recognized the ongoing validity and nationwide enforceability of that Order, as well as Martin's violation thereof in an Ohio Federal Court.

In the underlying action, U.S. District Court for the Northern District of Ohio Case No. 5:04 CV 1164 (an action referred to in Conley's Application), Martin was not a party, but he nonetheless

"injected" himself therein without prior leave of Court and in plain and intentional violation of this Court's nationwide permanent injunction Order. (The reference within the Sixth Circuit Order to "district court case No. 6:04-CV1164" is a typo vis-a-vis the first "6" therein.)

It therefore is respectfully suggested that the attached Sixth Circuit Order is supportive of Conley's pending November 21, 2005 Application Pursuant to Order before this Court.

Respectfully submitted,

_____
COMPLAINANT CRAIG T. CONLEY,
pro se
604 Unizan Plaza
220 Market Avenue South
Canton, Ohio  44702
330/453-1900
330/453-2170 [Fax]

**PROOF OF SERVICE**

A copy of the foregoing Supplemental Authority was served, by regular U.S. Mail this 24th day of January, 2006, upon the U.S. Attorney for the District of Connecticut, 157 Church Street, New Haven, Connecticut 06510 and upon Anthony R. Martin, P.O. Box 1851, New York, New York 10150-1851.

_____
COMPLAINANT CRAIG T. CONLEY,
pro se

No. 05-4102

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

JAN 1 7 2006

LEONARD GREEN, Clerk

SUAREZ CORPORATION INDUSTRIES, )
                                )
        Plaintiff-Appellee,     )
                                )
v.                              )   ORDER
                                )
RODNEY NAPIER, et al.,          )
                                )                   EXHIBIT "D"
        Defendants,             )
                                )
ANTHONY R. MARTIN,              )
                                )
        Movant-Appellant.       )
                                )

Before: MARTIN, RYAN, and NORRIS, Circuit Judges.

This matter is before the court upon consideration of the motion of Suarez Corporation Industries to dismiss the appeal filed by Anthony R. Martin. It is argued that Martin was not a party in the district court, that he has not paid the appellate filing fee, and that he is in violation of a nationwide permanent injunction imposed against him in *Martin-Trigona v. Lavien (In re Martin-Trigona)*, 592 F. Supp. 1566 (D. Conn. 1984). Martin has not responded to the motion to dismiss.

Martin was not a party in district court case No. 6:04-CV1164 but instead filed motions in that case after the parties entered into a settlement agreement. Martin sought to have sealed documents in that case opened and to allow him to be on the telephone during any hearing regarding his motion to open sealed documents. His motions were denied on July 14, 2005, and he appealed on August 15, 2005. Our records indicate that he paid the appellate filing fee.

No. 05-4102
- 2 -

It is ordered that the appeal is dismissed. Martin was not a named party in the district court, he did not seek nor was he given intervenor status, and his filings in the district court violate the injunction prohibiting him from filing documents in cases in which he is not a party. *See Shults v. Champion Int'l Corp.*, 35 F.3d 1056, 1058 (6th Cir. 1994); *Martin-Trigona*, 592 F. Supp. at 1572.

ENTERED BY ORDER OF THE COURT

_____
Clerk