IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE:                          :    CASE NO. H 83mc62 (PCD)

ANTHONY R. MARTIN-TRIGONA       :    JUDGE: Peter C. Dorsey

---

**COMPLAINANT'S SUPPLEMENTAL AUTHORITY**

---

Now comes Complainant Craig T. Conley ("Conley"), *pro se*, in supplementation of his November 21, 2005 Application Pursuant to Order, and hereby respectfully refers the Court to a February 7, 2006 Order issued by the U.S. Court of Appeals for the Sixth Circuit in Case No. 05-4597 (a true copy of which Order is attached hereto as Exhibit "E").

To the extent that leave to make this filing may be required, such leave is hereby respectfully requested.

The attached Order was issued in an Appeal filed by Martin (from a U.S. District Court judgment in an action in which he was a defendant), whose Appeal was dismissed <u>solely</u> because he had violated the same nationwide permanent injunction Order issued by this Court.

Indeed, the Sixth Circuit specifically cited to *In re Martin-Trigona* (D. Conn. 1984), 592 F.Supp. 1566; i.e., the Sixth Circuit has again expressly recognized the ongoing validity and nationwide enforceability of that Order, as well as Martin's second adjudicated violation thereof in an Ohio Federal Court. (Reference Conley's January 26, 2006 Supplemental Authority.)

It therefore is respectfully suggested that the attached Sixth Circuit Order is supportive of Conley's pending November 21, 2005 Application Pursuant to Order before this Court.

Respectfully submitted,

_____
COMPLAINANT CRAIG T. CONLEY,
*pro se*
604 Unizan Plaza
220 Market Avenue South
Canton, Ohio  44702
330/453-1900
330/453-2170 [Fax]

**PROOF OF SERVICE**

A copy of the foregoing Supplemental Authority was served, by regular U.S. Mail this 15th day of February, 2006, upon the U.S. Attorney for the District of Connecticut, 157 Church Street, New Haven, Connecticut 06510 and upon Anthony R. Martin, P.O. Box 1851, New York, New York 10150-1851.

_____
COMPLAINANT CRAIG T. CONLEY,
*pro se*

No. 05-4597

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

EXHIBIT "E"

**FILED**
FEB 0 7 2006
LEONARD GREEN, Clerk

SUAREZ CORPORATION INDUSTRIES, et al., )
)
Plaintiffs-Appellees, )
)
v. )  ORDER  5:05cv696
) JG
ANTHONY R. MARTIN, )
)
Defendant-Appellant. )
)

Before: MERRITT, GILMAN, and ROGERS, Circuit Judges.

This matter is before the court upon consideration of the motion of the appellees to dismiss the appeal. They argue that the notice of appeal is late, that the Fed. R. Civ. P. 59 motion failed to toll the appeal period, and that Anthony R. Martin has violated a nationwide permanent injunction by bringing this appeal without first obtaining leave of this court. Martin has not responded.

A review of the documents before the court indicates that the notice of appeal was filed within the time provided by Fed. R. App. P. 4(a). The judgment of the district court was entered on September 20, 2005. Any time-tolling Fed. R. Civ. P. 59 motion was due to be filed by October 4, 2005. See Fed. R. Civ. P. 6(a) and Fed. R. App. P. 4(a)(4). Martin's September 28, 2005 motion to vacate and the October 3, 2005 supplement to the motion to vacate tolled the appeal period. See Fed. R. Civ. P. 6(a) and 59; Fed. R. App. P. 4(a)(4). The motion to vacate was denied by marginal order on October 4, 2005, and Martin timely appealed on November 3, 2005. See Fed. R. App. P. 4(a) and 26(a).

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By _____
Deputy Clerk

Although the notice of appeal was timely filed, Martin did not comply with the permanent injunction in *Martin-Trigona v. Lavien (In re Martin-Trigona)*, 592 F. Supp. 1566 (D. Conn. 1984). That injunction prohibited Martin from initiating "any new lawsuit, action, proceeding, or matter in any federal court, agency, tribunal, committee, or other federal forum of the United States . . . without first obtaining leave of that court, agency, tribunal, committee, or other forum." *Id.* at 1571. Martin did not file an application for leave to file this appeal as required by the injunction, and the failure to file such an application is "sufficient basis for sustaining a motion to dismiss such a lawsuit, action, proceeding, or matter. . . ." *See id.* at 1572.

Accordingly, it is ordered that the appeal is dismissed.

ENTERED BY ORDER OF THE COURT

*[signature]*
Clerk

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By_____