UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
Aug 23  2 12 PM '07
U.S. DISTRICT COURT
NEW HAVEN, CONN.

In Re:  :
ANTHONY R. MARTIN-TRIGONA  :
 :
 :  CIVIL NO. 2:83MC62 (PCD)

## ORDER TO SHOW CAUSE

Anthony Martin-Trigona is hereby ordered to show cause, on or before September 24, 2007, by filing a written pleading with the Clerk of this Court, why he should not be held in contempt of the Order of this Court based on the injunction entered by this Court in *In re Martin-Trigona*, 573 F.Supp. 1245 (D. Conn. 1983), *modified by* 592 F.Supp. 1566 (D. Conn. 1984), *aff'd by* 763 F.2d 140 (2d Cir. 1985), and his conduct in filing the action, Martin v. Brock, as documented by the entry of a dismissal in the United States District Court, Northern District of Illinois, a copy of which is attached.

Dated at New Haven, Connecticut, this 23rd day of August, 2007.

_____
Hon. Peter C. Dorsey
United States District Judge

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3154 | **DATE** | June 25, 2007 |
| **CASE TITLE** | *Martin v. Brock* | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth herein, this case is dismissed with prejudice as a sanction for violating an injunction entered by the United States District Court for the District of Connecticut. Media Matters' motion for a rule to show cause [#5] is granted in part and denied in part without prejudice to consideration by the appropriate judge in the United States District Court for the District of Connecticut. The motions to dismiss [#6 & #8] are stricken as moot in light of the dismissal of this case. To the extent that any further action is necessary vis-a-vis Mr. Martin's apparent contempt of court due to his failure to comply with the Connecticut injunction, the clerk of this court is directed to forward a copy of this order to the clerk of the United States District Court for the District of Connecticut with instructions that it be forwarded to the judge of that district who is currently responsible for overseeing Mr. Martin's compliance with the injunction.

■ [ For further details see text below.]

## STATEMENT

Plaintiff Andy Martin sued David Brock, Media Matters for America, Terry Krepel, and Conwebwatch.com in the Circuit Court of the Eighteenth Judicial Circuit in DuPage County, Illinois. In his complaint, he alleged that he is the leading source of "investigative information and commentary" about Senator Barack Obama and that the defendants thus engaged in a smear campaign by calling him an anti-Semite. Mr. Martin contends that describing him as an anti-Semite constitutes defamation (Count I) and false light invasion of privacy (Count II).

The defendants filed a timely notice of removal based on diversity jurisdiction, which the court finds it may properly exercise. In addition, Media Matters filed a motion for a rule to show cause why Mr. Martin should not be found in contempt of court for violation of a federal injunction and a motion to dismiss for failure to state a claim, and the remaining defendants filed a motion to dismiss based on an alleged lack of personal jurisdiction over them in Illinois.

The court begins by considering *In re Martin-Trigona*, 573 F.Supp. 1245 (D. Conn. 1983), *modified by* 592 F.Supp. 1566 (D. Conn. 1984), *aff'd by* 763 F.2d 140 (2d Cir. 1985). This injunction prohibits Mr. Martin (who is also known as Anthony Martin-Trigona) from, among other things, "filing new lawsuits, actions, proceedings, or matters in federal fora" without first obtaining leave of court. *In re Martin-Trigona*,

(continued)

| | Courtroom Deputy Initials: | RTS/c |
|---|---|---|

Page 1

## STATEMENT

592 F.Supp. at 1571. The injunction also sets out a procedure for applying for leave to file which requires him to file, among other things, a motion entitled "Application Pursuant to Court Order Seeking Leave to File" along with any complaint and to provide the court and each defendant with a copy of the injunction and other specified prior court orders. *Id.* at 1571-72.

The injunction also contains provisions governing the effect of a failure to comply:

Failure to comply with the terms of this order will be sufficient grounds for a federal court, agency, tribunal, committee, or other federal forum to deny any motion by Martin-Trigona for leave to file. Further, the failure of Martin-Trigona to advise a federal court, agency, tribunal, committee, or other federal forum in which he has filed a lawsuit action proceeding, or matter of the [Connecticut district court and Second Circuit opinions relating to the injunction] may be considered by such court or other forum a sufficient basis for sustaining a motion to dismiss such a lawsuit, action, proceeding, or matter, or a request otherwise to dispose of the matter filed or submitted by Martin-Trigona.

*Id.* at 1572.

The court has examined the state court filings. It also takes judicial notice of the state court docket, which is a public record. Mr. Martin has not complied with the injunction. Instead, he filed a lawsuit using a different name and failed to mention the injunction at all. Generally, the court prefers to reach the merits of disputes brought before it. However, the injunction expressly and unequivocally states that the court may dismiss a new case filed in contravention of the injunction. A quick search of Westlaw shows that Mr. Martin is an exceptionally prolific and sophisticated litigant. Based on this fact, as well as the nature and terms of the Connecticut court's injunction, his use of an alternative name, and his failure to mention the injunction, let alone comply with it, the court finds that dismissal of this suit is an appropriate sanction. *See id*. This means that the defendants' motions to dismiss are stricken as moot.

With respect to Media Matters' motion for a rule to show cause, the motion itself seeks the sanction of dismissal, which the court agrees is warranted in this case. To the extent that any further action is necessary vis-a-vis Mr. Martin's apparent contempt of court due to his failure to comply with the Connecticut injunction, the clerk of this court is directed to forward a copy of this order to the clerk of the United States District Court for the District of Connecticut with instructions that it be forwarded to the judge of that district who is currently responsible for overseeing Mr. Martin's compliance with the injunction. *See Martin v. Stewart*, No. 89 C 4435, 1989 WL 68376 at *3 (N.D. Ill. Jun, 14, 1989).