UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | ) | Misc. Civ. 2:83mc62 (PCD) |
| | ) | |
| ANTHONY R. MARTIN-TRIGONA | ) | Dated: October 4, 2007 |

### RESPONSE TO ORDER TO SHOW CAUSE

FACTS

1. Mr. Martin appears to have initiated a lawsuit in the Circuit Court of DuPage County, Illinois. That matter had absolutely no relationship to any matter ever arising in or related to Connecticut, and concerned an alleged 2007 libel in Washington, DC.

2. Mr. Martin does not appear to have made in the DuPage County lawsuit any allegations concerning jurisdiction amount sufficient to confer diversity jurisdiction on a federal court and the defendants themselves apparently claimed the case had virtually no monetary value.

3. The defendants therefore appear to have filed a facially defective notice of removal to the Illinois federal court.

4. The United States District Judge in Chicago, upon information and belief, refused to allow Mr. Martin to file any response and said she was punishing him for violating this Court's injunction. Mr. Martin has taken the position that the district judge had no authority to do that and that her procedures violated due process. A court may not impose any form of "punishment" without notice and a hearing. Because the judge refused to allow Mr. Martin to have any notice or any opportunity to be heard before imposing "punishment," the order was void for want of due process. If it wishes to

proceed further this court must conduct a trial *de novo* with plenary procedural protections.

5. Mr. Martin advises that he is appealing to the United States Court of Appeals for the Seventh Circuit.

II.

<u>THE JURISDICTION OF THIS COURT
MAY BE CHALLENGED AT ANY TIME</u>

"Review of a court's jurisdiction over the subject matter of a claim is appropriate *at any time* during legal proceedings." <u>EEOC v. Local 580</u>, 925 F.2d 588, 592 (2d Cir. 1991). <u>Manway v. Housing Authority</u>, 711 F.2d 501, 503 (2d Cir. 1983). Therefore, the instant challenge to this Court's jurisdiction is timely and essential.

III.

<u>JURISDICTION MUST EXIST AT ALL STAGES OF A PROCEEDING</u>

It is axiomatic that jurisdiction must exist at all stages of a proceeding.

This case was closed over a decade ago. The bankruptcy case on which it is based was also closed at that time. The idea that a federal court could impose lifetime restrictions on access to state courts for matters totally unrelated to any matter pending in Connecticut finds no jurisdictional basis in any American jurisprudence. Since this case was commenced in state court, this Court must find a jurisdictional basis to reach out to another litigant in a closed case. No such jurisdiction exists. This court lacks both subject matter jurisdiction and personal jurisdiction, since Mr. Martin has no legal business pending in this court and all cases were closed over a decade ago. When the bankruptcy court proceedings ended, this court's jurisdiction over Mr. Martin's private

life ended, and any action he took in state courts in the future ended, except for this court's acknowledged power to enjoin any action directly arising out of the bankruptcy case itself, to which this matter obvious is not related.

IV.

<u>CHICAGO JUDGE DENIED MARTIN DUE PROCESS BY DENYING HIM ANY OPPORTUNITY TO DEFEND HIMSELF OR RESPOND.</u>

Because the Chicago judge refused to allow Mr. Martin any notice or any opportunity to be heard, her determination was void. The jurisdictional amount necessary to support a notice of removal was obviously and facially lacking. Therefore, Mr. Martin had a total and complete defense to imposition of any punishment in a federal court in Chicago.

V.

<u>CHICAGO ORDER INVALID BECAUSE CAN'T DELEGATE ENFORCEMENT OT PUNISHMENT TO ANOTHER COURT</u>

The document attached to this Court's order to show cause is an order seeking to impose punishment for a violation of this Court's order. As such, the Chicago order is void.

As the Eighth Circuit has stated:

> [T]he district court does not have **subject matter jurisdiction** over this claim. The power of contempt possessed by federal courts is defined by statute…Thus this claim could only be brought in the court that issued the original injunction.

<u>Klett v. Pim</u>, 965 F.2d 587, 590-591 (8th Cir. 1992).

Likewise, the U. S. Supreme Court has taken the identical position, <u>Baker v. GM</u>, 522 U. S. 222, 236 (1998) *citing* <u>Stiller v Hardman</u>, 324 F.2d 626, 628 (2nd Cir. 1963). Therefore, in the words of the Eight Circuit, the Chicago court lacked *"subject matter*

-3-

*jurisdiction*" to enter any order applying sanctions for an alleged violation of this Court's prior order. An order entered by a court lacking subject matter jurisdiction is void. The purported attempt to create a separate legal system applying only to Mr. Martin and to perpetually harass him in federal court in Connecticut in violation of the foregoing settled case law, is itself void for want of due process. Mr. Martin is entitled to the same due process and entitled to rely on case law to the same extent as any other litigant.

VI.

THE ORDER TO SHOW CAUSE IS SUBSTANTIVELY DEFICIENT

The order to Show Cause dated August 23, 2007 appears to be deficient and facially defective. The order does not specify whether the alleged contempt was civil or criminal, direct or indirect. It does not allege the specific facts giving rise to the charge. Instead, the document alludes to a void document authored by another federal judge without affording Mr. Martin any opportunity to be heard.

An accusation of contempt is a serious matter. Courts require that the facts be stated in an order to show cause, as ell as a specific indication of the nature of the contempt. The pending order fails to meet the requirements to initiate a valid contempt proceeding.

CONCLUSION

The Court should dismiss the Order to Show Cause as having been improvidently entered, and grant the companion motion to vacate this court's decades-old injunction for the reasons stated therein and above. It is time for this court to let go of Mr. Martin.  This court has no personal jurisdiction over him and no subject matter jurisdiction over his actions in the state courts of Illinois or any other state.

      Respectfully submitted,



      ANTHONY MARTIN


BY: _____/s/_____
      JOHN R. WILLIAMS (ct00215)
      51 Elm Street
      New Haven, CT 06510
      203-562-9931
      Fax: 203-776-9494
      jrw@johnrwilliams.com
      His Attorney


CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


      _____/s/_____
      JOHN R. WILLIAMS